# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11388
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 5, 2014
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ALLEN FELTS,

Defendant-Appellant

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 8 2014

CLERK, U.S. DISTRICT COURT
Deputy

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-100-6 — A

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

 David Allen Felts appeals the 40-year sentence imposed on his guilty plea conviction for conspiring to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. We affirm.

 Applying the harmless error doctrine, we reject Felts's contention that it was reversible error to enhance his base offense level by seven levels—for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maintaining a premises for drug manufacture or distribution, managing or supervising a criminal activity that involved five or more participants or was otherwise extensive, and obstructing justice—and to decline to reduce the base offense level for acceptance of responsibility. *See United States v. Ibarra-Luna*, 628 F.3d 712, 713-14 (5th Cir. 2010); *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009). Even if the district court erred as to every sentencing enhancement that Felts challenges and as to the issue of acceptance of responsibility, his guidelines sentencing range would be 360 months to 480 months after considering the statutory maximum limitation. *See* § 841(b)(1)(B)(viii). The record makes clear that the district court would have imposed the same sentence without the enhancements. The record establishes that the district court believed that the maximum sentence, 480 months, was the appropriate sentence in light of Felts's history and characteristics. *See* § 841(b)(1)(B)(viii). Under these circumstances, it was harmless error to omit any offense level reduction for acceptance of responsibility and to apply the enhancements of which Felts now complains. *See Ibarra-Luna*, 628 F.3d at 713-14; *Delgado-Martinez*, 564 F.3d at 752-53.

We review for plain error Felts's claim that, under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the drug quantity found by the district court based on the presentence report was a fact that should have been found by a jury beyond a reasonable doubt. *See United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014). Felts contends that the district court's factfinding effectively raised his statutory minimum sentence from five years to ten and violated the holding in *Alleyne*. Felts does not allege and the record does not indicate that the district court concluded that a 10-year statutory minimum sentence applied to him. Rather, the district court imposed a guidelines sentence based on relevant conduct, and the facts did not have to be admitted

by Felts or found by a jury. *See Hinojosa*, 749 F.3d at 412-13. Felts's inability to "demonstrate any error at all" means that he cannot prevail on this issue on plain error review. *United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012); *see Hinojosa*, 749 F.3d at 413.

Finally, we find no merit in Felts's contention that his sentence is substantively unreasonable because a guidelines sentence was too severe to satisfy statutory sentencing requirements. The district court believed that a 480-month sentence was the appropriate sentence in light of Felts's history and characteristics. *See* 18 U.S.C. § 3553(a). Felts's suggestion that this court reweigh those factors is unavailing. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Moreover, Felts's guidelines sentence is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Felts offers insufficient bases for forgoing application of that presumption and supplanting the sentence selected by the district court. *See Gall*, 552 U.S. at 51.

AFFIRMED.