ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 28 2016
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| Vs. ) | Criminal No. 4:13-CR-100-6-A |
| ) | Hon. John H. McBryde, Judge |
| DAVID ALLEN FELTS ) | U.S. District Court Judge |
| Defendant-Movant. ) | |

**MOTION FOR REDUCTION IN SENTENCE
PURSUANT TO 18 U.S.C. § 3582 (c)(2)**

Comes Now, David Allen Felts, the defendant-movant (hereinafter "Felts" or "Movant"), appearing pro se pursuant to 18 U.S.C. § 3582 (c)(2) and respectfully moves this Honorable Court for an order reducing his current sentence of 480 months to reflect the new amended guideline range of 360-480 months[1] based upon (1) the retroactive application of the November 1, 2014 amendment to the United States Sentencing Guidelines ("U.S.S.G."), Amendment 782, and (2) the new guideline amendment was implemented to reduce the offense levels for "All Drugs Minus Two" which would effect the overall guideline sentence

---

1/   The Base Offense Level ("BOL") is figured at 41, CH. VI., 360-480 months (restricted to 480 months due to statutory maximum. See 21 U.S.C. § 841 (a)(1) and (b)(1)(B).

- 1 -

exposure. The court has full discretion in [

18 U.S.C. § 3582 (c)(2).

## I. LEGAL ANALYSIS

The Supreme Court of the United States

step test for determining whether a court sh

defendant's sentence under § 3582 (c)(2). Se

ted States, 130 S.Ct. 2683, 2691-92, 177 L.E

The court first considers whether the s

cation is authorized. Id. at 2691. A sentenc

authorized if it "is consistent with applica]

ments issued by the Sentencing Commission- na

of the United States Sentencing Guidelines.

tion and internal marks omitted). Only if the

that a sentence modification is authorized mu

sider whether such modification is warranted.

mine whether the authorized modification is w

court must consider applicable § 3553 (a) fac

nature and seriousness of the danger to any p

community that may be posed by a reduction in

term of imprisonment." See United States v. R

1045, 1049, 1052 (5th Cir. 2008)(quoting U.S.

cmt., n.1 1(B)(2008); see also Dillion, 130 S

court may also "consider post-sentencing condi

fendant that occurred after imposition of the

of imprisonment." Robison, at 1052 (quoting U

cmt., n.1 (B)).

Amendment to the United States Sentencing Guidelines which took effect on November 1, 2014 and will collaterally take effect on November 1, 2015, does authorize a warranted reduction in movant ("Felts") overall sentence by a minimum of two-levels. The purpose of the guideline amendment in Amendment 782 is to reduce the Offense levels in ALL Drug Offenses to relieve some of the great sentence disparity in drug offenses.[2]

As noted supra, in relevant part, § 1B1.10 requires the court to begin by "determining the amended guideline range applicable to the defendant." see U.S.S.G. § 1B1.10 (b)(1). It then specifies that the court must impose a sentence equal to or above the low end of the amended range unless the term of imprisonment imposed at sentencing was below the defendant's original guidelines range. Id. at § 1B1.10 (b)(2)(A)-(B). In addiiton, the court must also consider the application of the factors set forth in 18 U.S.C. § 3553 (a), including any post-sentencing conduct of the defendant ("Felts"). See U.S.S.G. § 1B1.10 cmt.,n.1 (B).

## II. REASON FOR GRANTING REDUCTION

### (a). Application of the Recent Guideline Amendment Would Lower The Movant's Guideline Range

The movant contends that he is eligible for a reduction

---

2/  Amendment 782 allows for the reduction in sentence exposure (Guideline Range) for all drug offenses where it

cmt., n.1 (B)).

Amendment to the United States Sentencing Guidelines which took effect on November 1, 2014 and will collaterally take effect on November 1, 2015, does authorize a warranted reduction in movant ("Felts") overall sentence by a minimum of two-levels. The purpose of the guideline amendment in Amendment 782 is to reduce the Offense levels in ALL Drug Offenses to relieve some of the great sentence disparity in drug offenses.[2]

As noted supra, in relevant part, § 1B1.10 requires the court to begin by "determining the amended guideline range applicable to the defendant." see U.S.S.G. § 1B1.10 (b)(1). It then specifies that the court must impose a sentence equal to or above the low end of the amended range unless the term of imprisonment imposed at sentencing was below the defendant's original guidelines range. Id. at § 1B1.10 (b)(2)(A)-(B). In addiiton, the court must also consider the application of the factors set forth in 18 U.S.C. § 3553 (a), including any post-sentencing conduct of the defendant ("Felts"). See U.S.S.G. § 1B1.10 cmt.,n.1 (B).

## II. REASON FOR GRANTING REDUCTION

### (a). Application of the Recent Guideline Amendment Would Lower The Movant's Guideline Range

The movant contends that he is eligible for a reduction

---

2/  Amendment 782 allows for the reduction in sentence exposure (Guideline Range) for all drug offenses where it

in sentence based upon the recent amendment to the United States Sentencing Guidelines, i.e. Amendment 782 which took effect on November 1, 2014. The Sentencing Commission also set forth an additional provision that restricts any release based upon the amendment not to take effect until November 1, 2015.

Amendment 782, when applied, will reduce the movant's overall guideline sentencing range by a minimum of two-levels resulting a new base offense level ("BOL") and authorize a new sentence.

Taking into consideration, as the court must, the factors set forth in 18 <u>U.S.C.</u> § 3553 (a), the movant qualifies for the application of this amendment. Specifically, defendant asserts that the application of a sentence reduction in no way creates a danger to any person or any community. Moreover, while the nature of the offense, in and of itself, is illegal and an affront to the moral fabric of this society, it did not involve any acts of violence and was not of such a large scale as to have an irreconcilable effect and impact on the community where it took place. The movant, David Allen Felts, does not in anyway, by any means, attempt to mitigate the seriousness of his previous conduct, but only offers the

---

2/- (cont'd) has been previously determined to be disparate and severely harsh.

- 4 -

following for consideration in making the determination of whether to grant him the benefit of the recent amendment:

    (i). The sentence imposed did not take into consideration the fact that movant ("Felts") has a long history of substance abuse that contributed significantly to his criminal behavior including the offense for which he is currently imprisoned;

    (ii). Following the court's imposition of sentence and Felts transfer to the Bureau of Prisons, he has sought Substance Abuse treatment and has completed a "Substance Abuse/Drug Education" class. He is not eligible for participation in the Residential Drug Abuse Program ("RDAP") until he is within 36 months of release.

    (iii). The movant, David Allen Felts, pled guilty and accepted responsibility for his criminal conduct and offered his sincere apologies to his family and the court, but was not given credit (from his sentence) for his plea;

    (iv). Following imposition of sentence and his transfer to the Bureau of Prisons, he has enlisted and maintained an instituitional job assignment as part of his behavioral modification.

    (v). Any reduction the court would consider that did not go outside the guideline range would not put Felts at a point of immediate release and would still remain a significant sentence of imprisonment.

The movant, David Allen Felts, respectfully moves this court to reduce his sentence to the low end of the guideline range, or to a sentence otherwise determined by the court to reflect the movant's post-sentencing conduct. This court can consider any and all post-sentencing conduct. See **Pepper v. United States**, 562 U.S. ___, 131 S.Ct. ___, 179 L.Ed.2d. 196, 2011 U.S. LEXIS 1902 (2011).

### III.  CONCLUSION

For the reasons and premises set forth herein, the movant, David Allen Felts, respectfully submits and prays that this Court grant him a reduction in sentence deemed to be appropriate by this court in accordance with Amendment 782 to the United States Sentencing Guidelines and **Pepper v. United States**, 562 U.S. ___, 131 S.Ct. ___, 179 L.Ed.2d. 196, 2011 U.S. LEXIS 1902 (2011).

Dated: 11/17/ 2016.

Respectfully submitted,

*/s/ David Felts*
David Allen Felts
Federal No. 46027-177
FCC Coleman/ USP-1
P.O. Box 1033
Coleman, FL. 33521

```
COPAW          *       INMATE EDUCATION DATA          *      11-16-2016
PAGE 001 OF 001 *            TRANSCRIPT               *      14:51:43

REGISTER NO: 46027-177     NAME..: FELTS                       FUNC: PRT
FORMAT.....: TRANSCRIPT    RSP OF: COP-COLEMAN I USP

-------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP DATE/TIME
COP  ESL HAS    ENGLISH PROFICIENT          01-21-2014 0001 CURRENT
COP  GED HAS    COMPLETED GED OR HS DIPLOMA 01-21-2014 0001 CURRENT


-------------------------- EDUCATION COURSES -----------------------------
SUB-FACL   DESCRIPTION                  START DATE  STOP DATE  EVNT AC LV  HRS
COP        TOURNAMENT MANAGEMENT CLASS  06-07-2016  06-10-2016  P   C  P   4
COP        RESPONSIBLE THINKING         05-26-2016  07-23-2016  P   C  P   8
COP        SOFTBALL SPORTS RULES        02-19-2016  02-20-2016  P   C  P   4
COP        FIELS MAINTENANCE CLASS      08-22-2015  08-30-2015  P   C  P   8
COP        HEALTH/NUTRITION CLASS       07-10-2015  08-16-2015  P   C  P   10
COP        TOURNAMENT MANAGEMENT CLASS  05-09-2015  05-10-2015  P   C  P   4
COP        SOFTBALL SPORTS RULES        11-20-2014  11-22-2014  P   C  P   4
COP        RPP HEALTH/NUTRITION #1      04-16-2014  04-16-2014  P   C  P   1




G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

To The Clerk!

I wasn't sure if I needed to file another Forma Pauperis? I've done it twice for other motions and been approved. Just in case I sent the motion again for my 3582. I've enclosed 3 copies. One for the Judge, ~~one for the Prosecutor and one~~ 2 for the Clerk. Thank You For your (I've sent the DA a seperate copy for him) Time

David Felts
11-17-2016

David Felts
# 46027-177



United States District C
Office of The Clerk
Northern District of Texas
501 W. Tenth St. Room 1
Fort Worth, Texas 76102

David Felts # 76001-111
Federal Corrections Complex
Coleman 1 USP
P.O. Box 1033
Coleman, Florida 33521

7015 3430 0000 1202 8657

Received
NOV 28 2016

2016 NOV 21  PM 12 08

